# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 1:10cv175

| | |
|---|---|
| THOMAS RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| HSBC BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Petition for Temporary Injunction [Doc. 2].

On August 20, 2010, the Plaintiff filed a twenty-six page complaint which contains rambling, inarticulate accusations against the banking industry in general. [Doc. 1]. Although the body of the complaint refers to "Defendants" the only defendant named is HSBC Bank, N.A. (HSBC). The Plaintiff claims that he entered into a contract to refinance his residence at 395-397 North Main Street, Waynesville, North Carolina but he does not state that the contract was with or through HSBC. No date for any such refinancing agreement is specified and no lender, bank or mortgage company is

identified. The Plaintiff makes general allegations that "Defendants," who are not identified, defrauded him, engaged in predatory lending acts and failed to comply with various unspecified statutes. In essence, the complaint is a harangue against the lending industry with no specific allegations against HSBC. See, *e.g.*, Doc. 1, at 2 "Carefully Crafted Criminal Connivance (General State of the Real Estate Industry);" at 3 "How it Works." The Plaintiff makes allegations against the "Lender" but does not identify any person or entity as the lender. [Doc. 1, at 3-24]. He makes accusations against an "Agent" but makes no further identification thereof. [Id.]. He makes blanket references to "swap derivatives," "false fees," a "RESPA[1] penalty," conspiracies with an unidentified appraiser and trustee, and deceptive advertising. [Id.]. He admits that the statute of limitations for claims pursuant to the Truth in Lending Act[2] (TILA) and RESPA has expired but argues that equitable tolling is warranted.[3] [Id., at 13-14]. He refers to "Easing of Underwriting Standards," "Risk Layering," and other banking practices in

---

[1]Presumably this refers to the Real Estate Settlement Practices Act, 12 U.S.C. §§2601, *et. seq*.

[2]15 U.S.C. §§1601, *et. seq*.

[3]The Fourth Circuit has not addressed equitable tolling for a TILA claim but has held it is not applicable to RESPA. Zaremski v. Keystone Title Assoc., Inc., 884 F.2d 1391 (4th Cir. 1989).

general but makes no specific allegations against HSBC. [Id., at 16-18]. For causes of action, he claims unjust enrichment by unspecified "defendants" and a claim to quiet title against the same "defendants," breach of fiduciary duty by an unidentified agent, appraiser, trustee and lender; negligence by unidentified "defendants;" fraud by unidentified agents; breach of implied covenant against the defendants in general; violations of the TILA by "defendants;"[4] and intentional infliction of emotional distress by the "defendants." [Id., at 17-22].

On the same date that the complaint was filed, the Plaintiff filed a document which is identical to the complaint except that, through this pleading, the Plaintiff seeks a temporary restraining order. [Doc. 2]. In the motion, the Plaintiff reveals that a state foreclosure action is pending against his residence and that the sale was scheduled to occur during "the week of August 13th, 2010." [Doc. 2, at 24]. By the time this action was filed on August 20, 2010, the foreclosure sale had occurred. No relief, whether in the form of a temporary restraining order or other relief attacking the foreclosure action, is available in this court. Bey *ex rel*. Erwin v. Pettis, 2010 WL 2812851

---

[4]Although references are made to RESPA and the Home Ownership and Equity Protection Act, 15 U.S.C. §1639 (HOEPA), specific claims under those acts are not stated.

(W.D.N.C. 2010); Gallant v. Deutsche Bank Nat. Trust Co., 2010 WL 537874 (W.D.Va. 2010); Pol v. Federal Reserve Bank of New York, 2009 WL 4017164 (W.D.N.C. 2009); Snyder v. Ledford, 2008 WL 5392070 (W.D.N.C. 2008); Wachovia Bank, N.A. v. Ellison, 2007 WL 2264623 (M.D.N.C. 2007). As a result, the motion for a temporary restraining order is denied as moot. Bey, supra. In essense, this Court "is without jurisdiction to grant the relief sought by the [motion for a temporary restraining order], because doing so would effectively invalidate a final order issued in his state court foreclosure proceedings. If the plaintiff wishes to continue litigating the foreclosure proceeding brought against him in state court, he must do so in that forum." Id.

Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part:

> By presenting to the court a pleading, ...–whether by signing, filing, submitting, or later advocating it-- an ... unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, ... and other legal contentions are
> warranted by existing law or by a nonfrivolous argument for extending,

modifying, or reversing existing law or for establishing new law; [and]

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed.R.Civ.P. 11(b). This Court has the authority to sanction a litigant if it determines that Rule 11(b) has been violated. Fed.R.Civ.P. 11(c).

The Court's preliminary review of this complaint shows that it is most likely frivolous and does not state claims against the named Defendant. The Plaintiff is heartily encouraged to consult an attorney before continuing with this litigation.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Petition for Temporary Injunction [Doc. 2] is hereby **DENIED**.

Signed: September 3, 2010

Martin Reidinger
United States District Judge