# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv175

| THOMAS RAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND |
| Vs. | ) | RECOMMENDATION |
| HSBC BANK, N.A., | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss (#10). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, was cautioned that defendant had filed a Motion to Dismiss and advising plaintiff that in response he must show that he has made sufficient allegations to support a cause of action against such defendant that is recognized by law. On November 18, 2010, plaintiff filed his Response and on November 29, 2010, defendant filed its Reply. For the reasons discussed below, the undersigned will recommend that the Motion to Dismiss be granted as plaintiff has failed to state any cause of action against defendant in his Complaint or his Amended Complaint.[1]

---

[1] The court has considered both the original Complaint and the Amended Complaint in an abundance of caution in light of plaintiff's *pro se* status.

# FINDINGS AND CONCLUSIONS

## I. Background

The court has reviewed all of the pleadings and papers filed by plaintiff. Plaintiff's 26-page Complaint, as the district court earlier found, appears to be a general indictment of the lending industry. Order (#4), at 1 (citing the Complaint (hereinafter "Compl.") (#1)). The district court summarized the claims contained in the original Complaint, as follows:

> The Plaintiff makes allegations against the "Lender" but does not identify any person or entity as the lender. [Doc. 1, at 3-24]. He makes accusations against an "Agent" but makes no further identification thereof. [Id.]. He makes blanket references to "swap derivatives," "false fees," a "RESPA1 penalty," conspiracies with an unidentified appraiser and trustee, and deceptive advertising. [Id.]. He admits that the statute of limitations for claims pursuant to the Truth in Lending Act2 (TILA) and RESPA has expired but argues that equitable tolling is warranted.3 [Id., at 13-14]. He refers to "Easing of Underwriting Standards," "Risk Layering," and other banking practices in general but makes no specific allegations against HSBC. [Id., at 16-18]. For causes of action, he claims unjust enrichment by unspecified "defendants" and a claim to quiet title against the same "defendants," breach of fiduciary duty by an unidentified agent, appraiser, trustee and lender; negligence by unidentified "defendants;" fraud by unidentified agents; breach of implied covenant against the defendants in general; violations of the TILA by "defendants;" and intentional infliction of emotional distress by the "defendants." [Id., at 17-22].

Id., at 2-3 (footnote omitted). The district court also noted that "[a]lthough references are made to RESPA and the Home Ownership and Equity Protection Act, 15 U.S.C. §1639 ("HOEPA"), specific claims under those acts are not stated." Id., at 3 (f.n. 4).

The district court went on to find that "the complaint is a harangue against the lending industry with no specific allegations against HSBC." Id., at 2.

After filing the Complaint, plaintiff filed a "Petition for Temporary Injunction" (#2). Such request for injunctive relief mirrors the contentions contained in the Complaint, with plaintiff taking issue with the foreclosure of his home, contending that defendant and unnamed others induced him to enter into a "predatory loan agreement," "committed numerous acts of fraud" against him, and failed to "make proper notices" that would have given him "warning of the types of tactics used by Defendants [*sic*] to defraud Petitioner." Petition for Temporary Injunction (#2), at 1.

Finally, the undersigned has reviewed plaintiff's Amended Complaint (#5), which contains no substantive allegations or claims, but appears to be an attempt at verification of the earlier filed Complaint.[2]

## II. Applicable Standard

Defendant has moved to dismiss the Complaint and Amended Complaint under Rules 12(b)(4), (5), & (6), Federal Rules of Civil Procedure. Inasmuch as it is clear that no cause of action has been asserted the court will discuss only the Rule 12(b)(6)

---

[2] While an amended complaint supersedes the original complaint, making the latter obsolete, Rockwell Int'l Corp. v. United States, 549 U.S. 457, 471-474 (2007), the undersigned has considered the claims contained in the original complaint as it appears that the Amended Complaint contains no substantive allegations.

motion.[3]

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiffs could prove no set of facts which would support their claim and entitle them to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombley, to survive a Rule 12(b)(6) motion to dismiss, plaintiffs must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

---

[3] Defendant is also entitled to dismissal under Rules 12(b)(4) & (5).

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Ashcroft, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint fall short of the plausibility standard

where plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

As reflected above in the discussion of the allegations of the Complaint herein, the court has accepted as true all of the factual allegations contained in the Complaint, and, as well, has identified "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft, supra, at 1950. As reflected below, the court has assumed the veracity of any well-pleaded factual allegations "and [will] then determine whether they plausibly give rise to an entitlement to relief." Id. (alteration added).

As the district court found, plaintiff has cited to a number of claims in his 26 page Complaint; however, his "Statement of Claims" varies from his "Causes of Action." The undersigned will, therefore, address only the claims plaintiff has asserted as his "Causes of Action."

III. Discussion

### A. Breach of Fiduciary Duty

Plaintiffs alleges that defendant breached its fiduciary obligation to him. A fiduciary relationship must, however, exist between the parties before a claim can arise for breach of that fiduciary duty. White v. Consol. Planning, Inc., 166 N.C.App. 283, 293 (2004), disc. review denied, 359 N .C. 286 (2005). It is well settled that a fiduciary relationship arises only when plaintiff places special confidence in another person, to the extent that the party in whom such special confidence is placed is bound to act in the best interests of the party placing the confidence. Dalton v. Camp, 353 N.C. 647, 651 (2001). An essential element of the fiduciary relationship is that the purported fiduciary exercised influence over the plaintiff by virtue of the trust placed in such alleged fiduciary. Id., at 652.

Reading the Complaint in a light most favorable to plaintiff, the undersigned concludes that plaintiff is attempting to allege that defendant breached a fiduciary duty owed to him arising from the parties' lender/borrower relationship; however, there is no fiduciary relationship between a lender and a borrower under North Carolina law. Branch Banking & Trust v. Thompson, 418 S.E.2d 694, 699 (N.C. Ct. App. 1992) ("The mere existence of a debtor-creditor relationship between the parties does not create a fiduciary relationship.") Further, the Court of Appeals for the Fourth Circuit recognized in South Atlantic Ltd. P'ship of Tenn. L.P. v. Riese, 284 F.3d 518,

533 (4th Cir. 2002), that

> North Carolina is reluctant to impose 'extracontractual fiduciary obligations' in the context of general commercial contracts; thus, even when parties to an arms-length transaction have reposed confidence in each other, no fiduciary duty arises unless one party thoroughly dominates the other.

Id. (citation omitted); See also Smith v. GMAC Mortg. Corp., 2007 WL 2593148, at *6 (W.D.N.C. Sept. 5, 2007). Plaintiff has made no plausible allegations that defendant "thoroughly dominated" him in the transaction. The undersigned will recommend that this cause of action be dismissed as plaintiff has failed to state a cognizable claim under North Carolina law or satisfy the pleading requirements under Iqbal.

     **B.    Negligence/Negligence Per Se**

Plaintiff alleges that defendant owed him a duty of care under the Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act (hereinafter "HOEPA"), the Real Estate Settlement Procedures Act ("RESPA"), and the regulations promulgated thereunder, to

> provide proper disclosures concerning the terms and conditions of the loans they marketed, to refrain from marketing loans they knew or should have known borrowers could not afford or maintain, and to avoid paying undue compensation such as "yield spread premiums" to mortgage Brokers and loan officers.

Compl., p. 19. Plaintiff does not dispute that the loan of which he complains was

made in December 2006. See Motion to Dismiss, p. 8. The statute of limitations for a cause of action sounding in negligence is three years, N.C.Gen.Stat. § 1-52; thus, even if defendant was negligent in failing to disclose the terms of the loan, providing a loan plaintiff could not afford, or requiring plaintiff to pay undue fees related to the loan, such claims were time barred when they were brought in August 2010. The undersigned will recommend that this cause of action be dismissed as time barred.

### C. Common Law Fraud

Plaintiff alleges that defendant and other unnamed defendants committed fraud by failing to disclose material facts, making false or negligent misrepresentations, and by selling his loan to another party.

The essential elements of a claim of fraud by misrepresentation are: (1) a false representation or concealment of a material fact, (2) that was reasonably calculated to deceive, (3) which was made with the intent to deceive, (4) that did in fact deceive, and (5) resulted in damage. Jolly v. Acad. Collection Serv., 400 F.Supp.2d 851 (M.D.N.C. 2005). To satisfy the specificity requirements of Rule 9(b), it is plaintiff's obligation to plead the time, place, and contents of the false representations, as well as the identity of the person making the representation and what such person obtained thereby.

In order to plead fraud by omission, a plaintiff must allege the following:

> (1) the relationship or situation giving rise to the duty to speak, (2) the event or events triggering the duty to speak, and/or the general time period over which the relationship arose and the fraudulent conduct occurred, (3) the general content of the information that was withheld and the reason for its materiality, (4) the identity of those under a duty who failed to make such disclosures, (5) what those defendant(s) gained by withholding information, (6) why plaintiff's reliance on the omission was both reasonable and detrimental, and (7) the damages proximately flowing from such reliance.

Breeden v. Richmond Community College, 171 F.R.D. 189, 195 (M.D.N.C. 1997) (citations omitted).

Plaintiff's common law claims of fraud are barred by the three year statute of limitations. As his claims of fraud are based on events that occurred the first week of December 2006, that deadline ran not later than the first week of December 2009. Assuming that plaintiff's claim of fraud in selling his loan to a another party occurred sometime after the loan closed and that it possibly is not time barred, plaintiff has failed to plead the time, place, and contents of the false representations, a fatal pleading failure under Rule 9(b). Finally, even if the claims were not time barred, plaintiff has failed to allege how any of the complained of alleged fraudulent acts by defendant could have plausibly induced him and were material to his decision to obtain the loan.

Inasmuch as plaintiff's fraud claims are time barred and do not contain sufficient allegations as to the essential elements required under North Carolina law,

the undersigned will recommend that they be dismissed.

**D.      Breach of Implied Covenant of Good Faith and Fair Dealing.**

Plaintiff next asserts that defendant breached the duty of good faith and fair dealing due to an alleged failure to provide proper disclosures and failure to properly document "substitutions and assignments so that Plaintiffs could ascertain their rights and duties." Compl., pp. 20-21. Plaintiff has not, however, alleged that he did not receive the benefits he bargained for in the mortgage loan agreement and he simply cannot plausibly allege that he did not receive any notices required under the contract. Plaintiff admitted in his "Motion for Temporary Injunction" that the foreclosure sale was scheduled to occur prior to the commencement of this action. See Motion for Temporary Injunction (# 2). As to the alleged failure to provide disclosures, plaintiff has not alleged any *duty* to disclose.

North Carolina law, which governs resolution of this supplemental claim, provides that

> [i]n every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement.

Bicycle Transit Auth. v. Bell, 314 N.C. 219, 228 (1985) (citation and corresponding quotation marks omitted). However, North Carolina law provides that an implied covenant cannot change the terms of a contract. Lane v. Scarborough, 284 N.C. 407,

410-11 (1973). Because plaintiff has not alleged that defendant denied him the benefit of the bargain, the undersigned will recommend that this claim be dismissed.

E.      **Violation of the Truth In Lending Act**

Plaintiff includes in his complaint one sentence that appears to attempt to invoke a federal claim under the *Truth in Lending Act*, 15 U.S.C. § 1601 *et seq.* Plaintiff stated that

> Defendant's violation of the provisions of law rendered the credit transaction null and void, invalidates Defendant's claimed interest in the Subject Property, and entitles Petitioner to damages as proven at trial.

Compl., p. 21. Reading such allegation in a light most favorable to plaintiff, it appears he is contending that he is entitled to the remedy of recision under TILA. Plaintiff's Complaint does not satisfy the two basic elements needed for TILA recision: (1) plausible allegations that the required TILA disclosures were not made; and (2) the ability to tender loan proceeds back to the lender.

> Under *Shelton*,[4] Hudson, who is seeking TILA rescission of a credit transaction secured by his primary residence, must allege facts which render plausible the conclusion that the TILA mandated disclosures were not made and that he has the ability to tender the proceeds of the loan to his creditor in return for the release of the security interest upon his property. See 486 F.3d at 821.

---

[4]      Am. Mort. Net., Inc. v. Shelton, 486 F.3d 815 (4th Cir.2007).

Hudson v. Bank of America, N.A., 2010 W.L. 2365588 (E.D.Va. 2010).[5] Plaintiff's lack of sufficient allegations, as evidenced in the Complaint, and his inability to tender, as evidenced by the completed foreclosure, lead the undersigned to conclude that plaintiff has failed to state a cognizable claim, and dismissal will be recommended.

F. **Intentional Infliction of Emotional Distress**

Defendant has also moved to dismiss plaintiff's claim for intentional infliction of emotional distress. The elements of that tort are "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." Hogan v. Forsyth Country Club, 79 N.C. App. 483, 488, disc. rev. denied, 317 N.C. 334 (1986). "It is a question of law for the court to determine, from the materials before it, whether the conduct complained of may reasonably be found to be sufficiently outrageous as to permit recovery." Id., at 490.

For purposes of ruling on defendant's motion, the court has taken all the allegations of the Complaint as true. Even if the court were to consider all allegations as true, they do not "exceed all bounds of decency," West v. King's Dep't Store, Inc., 365 S.E.2d 621, 625 (N.C. 1988), and cannot be "'regarded as atrocious, and utterly

---

[5] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation. Star pagination not available at the time of citation.

intolerable in a civilized community.'" Wagoner v. Elkin City School Bd. of Educ., 440 S.E.2d 119, 123 (N.C. Ct. App. 1994) (citation omitted).

The initial inquiry made by North Carolina courts is whether the alleged conduct is "extreme and outrageous." This is a question of law for the court. Johnson v. Bollinger, 86 N.C. App. 1, 6 (1987). In that analysis, under North Carolina law:

> Liability has only been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. The liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. . . . [P]laintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.

Briggs v. Rosenthal, 73 N.C.App. 672 (1985) (*quoting* The Restatement of Torts). Where a plaintiff's complaint fails to allege facts sufficient to set forth extreme and outrageous conduct, the IIED claim is subject to dismissal pursuant to Rule 12(b)(6). Johnson, supra, at 6.

In Hogan, wherein a defendant threatened plaintiff with bodily injury and advanced on her with a knife after she refused his sexual advances, the appellate court found that plaintiff had stated a cause of action and that defendant's conduct was "beyond the `bounds usually tolerated by decent society.'" Hogan v. Forsyth Country Club Co., supra, at 491. While having one's residence foreclosed is certainly stressful, unpleasant, and perhaps embarrassing, the plausible conduct alleged herein

is simply routine conduct in the ordinary course of the mortgage lending business, and it is so ordinary and reasonably expected that the state legislature has promulgated laws providing for the orderly disposition of foreclosure proceedings. Such conduct does not cross the line drawn by Hogan. Plaintiff has failed to state a cognizable claim and dismissal will be recommended.

### G.    Negligent Misrepresentation

Contained within plaintiff's "common law fraud" claim is a subcontention that defendant made negligent false representations. Compl., pp. 19-20. Construing this allegation in a light most favorable to plaintiff, the undersigned concludes that he may be attempting to assert a cause of action for negligent misrepresentation. In alleging and supporting a claim for negligent misrepresentation, the essential elements are that plaintiff justifiably relied to his detriment on information prepared without reasonable care by a person who owed the relying party a duty of care. Hudson-Cole Dev. Corp. v. Beemer, 132 N.C.App. 341, 346 (1999). Plaintiff has failed to allege such a claim as he has failed to allege the contents of the purported misrepresentation.

Read liberally, plaintiff may be contending that the misrepresentation related to the terms of his mortgage and prevented him from understanding his mortgage loan. Plaintiff has not alleged how any of the terms of the mortgage loan were violated, which prevents plaintiff from plausibly alleging that he was misled. Plaintiff had a

duty to read the contract and is charged by law with knowledge of its terms. Nationwide Mut. Insur. Co. v. Edwards, 312 S.E.2d 656, 661 (N.C. App.1984). The element of detrimental reliance is also lacking because plaintiff has not alleged that he received anything other than the loan for which he bargained. Plaintiff has failed to state a cognizable claim and dismissal will be recommended.

## IV. Conclusion

As the district court previously noted, the face of plaintiff's Complaint reveals that no cognizable causes of action have been stated. Further, plaintiff's Motion for Temporary Injunction and Amended Complaint add nothing to the original Complaint. Plaintiff's response does nothing to explain his claims, but instead simply attacks the defendant for making what is clearly a meritorious Motion to Dismiss.

In moving to dismiss, defendant has also requested that such Rule 12(b)(6) dismissal be with prejudice. Defendant argues and has shown that plaintiff's claims are either time barred and/or facially meritless, and seeks dismissal with prejudice to avoid further harassment. In particular, defendant has demonstrated that plaintiff's claims are not salvageable inasmuch as the Amended Complaint added and clarified nothing. Whether a dismissal is with or without prejudice is governed by Rule 41(b), which provides as follows:

> **(b) Involuntary Dismissal; Effect.**
> If the plaintiff fails to prosecute or to comply with these rules or a court

order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). In interpreting Rule 41(b) in light of Rule 12(b)(6), courts within the Fourth Circuit have held as follows:

> As Rule 12(b)(6) is a dismissal not provided for in Rule 41(b) and is not for lack of jurisdiction, improper venue, or failure to join a party, the dismissal . . . under Rule 12(b)(6) for failure to state a claim operates as an adjudication upon the merits. *See Andrews v. Daw*, 201 F.3d 521, 525 n. 2 (4th Cir.2000) (stating that under Rule 41(b) a dismissal under Rule 12(b)(6) is a final judgment on the merits for purposes of *res judicata* ).

Frank v. Home Depot, U.S.A., Inc., 481 F.Supp.2d 439, 442 (D.Md. 2007). Thus, a Rule 12(b)(6) dismissal is clearly an adjudication on the merits, barring plaintiff from later refiling the same claims against defendant. Inasmuch as plaintiff is proceeding pro se, the undersigned will recommend that the dismissal be with prejudice to provide plaintiff with clear notice.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss (#10) be **ALLOWED**, and that this action be **DISMISSED** in its entirety **WITH PREJUDICE** under Rule 12(b)(6) for the reasons set forth above.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: December 9, 2010

Dennis L. Howell
United States Magistrate Judge